| | |
|---|---|
| IRYNA ZAYIKA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC, TD BANK USA, N.A., and TARGET CORP.,<br><br>Defendants. | Case No.: 20-cv-225<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Iryna Zayika is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt arose from a consumer transaction that included agreements to defer payment.

6. Defendant Enhanced Recovery Company, LLC ("ERC") is a debt collection agency with its principal offices at 8014 Bayberry Road, Jacksonville, Florida 32256.

7. ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. ERC is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. ERC is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

10. TD Bank USA, N.A. ("TD Bank") is a national bank with its primary place of business located at 2035 Limestone Road, Wilmington, DE 19808.

11. TD Bank is the issuer of Target store-branded credit cards. *See* https://www.target.com/c/redcard/-/N-4tfyn (last accessed September 5, 2018).

12. Credit card accounts are "open-end credit plans," pursuant to Wis. Stat. § 421.301(27)(a). "Open-end credit plans" are, by definition, "consumer credit transactions." Wis. Stat. § 421.301(10) ("The term [consumer credit transaction] includes … transactions pursuant to open-end credit plans.")

13. TD Bank is thus a "merchant" as defined in the WCA, as the alleged debts arise from use of Plaintiff's consumer credit accounts. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

14. Target Corporation ("Target") is a foreign corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, MN 55403.

15. Target is the servicer of Target store-branded credit card accounts.

16. Target and TD Bank, directly or indirectly through Target and Patenaude, are engaged in the business of collecting debts owed to TD Bank that were incurred for personal, family, or household purposes.

17. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

18. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

19. On its face, the WCA's regulation of debt collectors applies without distinction to creditors collecting on their own behalf, to creditors who hire other debt collectors to collect on the creditor's behalf, and to third-party debt collectors acting on behalf of creditors. *See* Wis. Stat. § 427.103(3).

20. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

21. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

3

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

22. Target and TD Bank, directly or indirectly, are each a debt collector under Wis. Stat. § 427.103(3).

23. Any company meeting the definition of a "debt collector" (here, TD Bank) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

## **FACTS**

24. On or about August 2, 2019, ERC mailed Plaintiff a debt collection letter regarding an alleged associated with a "Target" store-branded credit card. A copy of this account statement is attached to this complaint as Exhibit A.

25. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card which was used exclusively for personal, family, and household purposes, including purchases of household goods at Target stores.

26. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

27. Upon information and belief, Exhibit A is a form debt collection letter, generated by computer, and used by Enhanced to attempt to collect alleged debts.

28.     Upon information and belief, Exhibit A was the first letter that ERC sent to Plaintiff with respect to Plaintiff's alleged debt.

29.     Exhibit A includes the following representation which largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.
>
> If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.
>
> Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

30.     Exhibit A also includes the following:

> Creditor:                       TD Bank USA, N.A.
> Creditor Reference Number:      ████4348
> Balance:                        $638.69
> Reference Of:                   Target Credit Card

31.     Exhibit A further states:

> Our records indicate that your balance with TD Bank USA, N.A./Target Credit Card remains unpaid; therefore, your account has been placed with ERC® for collection efforts.
>
> At this time, you have a total outstanding balance of $638.69.

32.     Exhibit A, mailed on August 2, 2019, thus indicates that the entire "Balance" of $638.69 "remains unpaid," but does not disclose that Plaintiff could return her account to a current status by making a minimum payment.

33.     On or about August 28, 2019, Target or one of its affiliated companies mailed an account statement to Plaintiff regarding the same alleged debt. A copy of this account statement is attached to this complaint as Exhibit B.

34.     Upon information and belief, Exhibit B is a form account statement, generated by computer, and with the information specific to Plaintiff inserted by computer.

35. Exhibit B includes the following representation:

| Payment Information | |
|---|---|
| New Balance | $691.58 |
| Minimum Payment Due | $247.00 |
| Payment Due Date | 9/25/2019 |

36. Exhibit B states that, as of August 28, 2019, Plaintiff's alleged debt had a "New Balance" of $691.58, with a "Payment Due Date" of September 25, 2019, and a "Minimum Payment Due" of $247.00.

37. Thus, as of the date of Exhibit B, Target and TD Bank had not accelerate the maturity of the "outstanding balance" of this alleged debt, and had not authorized ERC to accelerate the maturity of this outstanding balance.

38. Exhibit A falsely represents that the debt had been accelerated and the full balance was due when Exhibit A was mailed.

39. Defendants' representation in Exhibit A that Plaintiff's alleged debt was accelerated had a "total amount due" of $691.58 is false, deceptive, misleading, and unconscionable under the FDCPA. *See, e.g.,* FTC Staff Commentary, 53 Fed. Reg. 50097, 50106 ("A debt collector may not ... falsely assert that the debt has matured or that it is immediately due and payable, when it is not.").

40. The unsophisticated consumer cannot determine whether the debt had been accelerated or not, or how much debt is actually due as of the date of Exhibit A. Exhibit A states that the "total amount due" is $691.58 while Exhibit B seeks only a "Minimum Payment Due" of $247.00. *See Machnik v. RSI Enters.*, 2017 U.S. Dist. LEXIS 160772, at *6 (E.D. Wis. Sept. 29, 2017) ("'owing' an amount is distinguishable from the amount 'due.'"); *Voeks v. Patenaude & Felix, A.P.C.*, Case No. 18-cv-1393-LA, slip op. at 4-7 (E.D. Wis. Sept. 30, 2019).

41. Upon information and belief, Defendants work in a scripted process to collect alleged debts such as Plaintiff's.

42. Upon information and belief, all of the Defendants are fully aware of the contents and representations in Exhibits A & B,

43. Plaintiff was confused and misled by Exhibits A&B.

44. The unsophisticated consumer would be confused and misled by Exhibits A&B.

### *The FDCPA*

45. The FDCPA creates substantive rights for consumers; certain violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after Spokeo, have rejected

7

similar challenges to standing in FDCPA cases.") (citing *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

46. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

47. Misrepresentations of substantive information about the debt collector or the debt, including the debt collector's licensing status in Wisconsin, injures or risks injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.*, 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Encore Receivable Management, Inc.*, 18-cv-1484-WED, 2019 U.S. Dist. LEXIS 134377 (E.D. Wis. Aug. 9. 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

9

48. 15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of---the character, amount, or legal status of any debt."

50. 15 U.S.C. § 1692e(5) specifically prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken."

51. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

52. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. 15 U.S.C. § 1692f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

54. 15 U.S.C. § 1692g(a) provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

### *The WCA*

55. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

56. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country,"

10

and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

57. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

58. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

59. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See,* Wis. Stats. § 427.104.

60. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See,* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

61. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court

11

analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

62. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

63. Wis. Stat. § 427.104(1)(e) states that a debt collector may not: "Disclose or threaten to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information, but this paragraph does not prohibit the disclosure to another person of information permitted to be disclosed to that person by statute."

64. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

65. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

66. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I – FDCPA

67. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. Count I is brought against Defendant ERC.

69. Exhibit A falsely represents that the entire balance of the alleged debt was due and owing before the creditor had actually accelerated the maturity of the debt.

70. Exhibit A includes representations which are false, deceptive, and misleading as to the amount, character, and legal status of such debt, and attempts to confuse or mislead consumers into paying amounts that are not yet due under false pretenses.

71. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692(f), 1692f(1), and 1692g(a)(1).

## COUNT II – WCA

72. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

73. Count II is brought against all Defendants.

74. Exhibit A falsely represents that the entire balance of the alleged debt was due and owing before the creditor had actually accelerated the maturity of the debt.

75. The representation that the entire balance of the alleged debt was due and owing to the creditor as of the date of the letter can reasonably be expected to threaten and harass an unsophisticated consumer, and is an assertion of a right to immediate payment of amounts with knowledge or reason to know that the right to demand immediate payment of these amounts does not exist.

76. Defendants violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

77. Plaintiff brings this action on behalf of a class consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt associated with a Target store-branded credit card which had not yet been accelerated, and (d) which was incurred for personal, family, or household purposes, (e) where the letter was mailed between February 13, 2019 and February 13, 2020, inclusive, (e) and was not returned by the postal service.

78. The Class is so numerous that joinder is impracticable.

79. Upon information and belief, there are more than 50 members of the Class.

80. There are questions of law and fact common to the Class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant violated the FDCPA and/or WCA.

81. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

82. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

83. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

84. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 13, 2020

                                        **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN (1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bjslatky@ademilaw.com